## In the Matter of Wilder, Bankrupt.

*(Circuit Court, D. Massachusetts. September 30, 1880.)*

1. **Promissory Note—Contract—Discharge of Indorser**—The maker of an overdue note transferred his interest in a firm to an accommodation indorser, to secure the latter against loss. The indorser thereupon agreed in writing, by an instrument bearing the same date, to hold the maker of the note harmless against any and all claims of the holder. *Held,* that such agreement was a full discharge of the maker and an intervening indorser.

*Ives, Lincoln & Huntress,* for petitioners.
*W. Fisk Gile* and *E. T. Burley,* for defendants

CLIFFORD, C. J. Creditors whose claims are wholly or in part rejected, or an assignee who is dissatisfied with the allowance of a claim, may appeal from the decision of the district court to the circuit court of the same district, if the appellant complies with the conditions specified in the section of the bankrupt act conferring the right. 14 St. at Large, 520; Rev. St. § 4980. Circuit courts, within and for the district where the proceedings in bankruptcy are pending, have a general superintendence and jurisdiction in all cases

and questions arising under the act, except when special provision is otherwise made. 14 St. at Large, 518; Rev. St. § 4986. Both modes of procedure were adopted by the appellants in this case, so that it does not become necessary to decide which is the more appropriate, as the cause in any view is correctly before the court.

Some years prior to the decree in bankruptcy, the bankrupt loaned money to the maker of the note in question, which, from time to time, had been renewed and the amount somewhat reduced, until it assumed the form exhibited in the record as follows:

"$5,800.                         LAWRENCE, March 24, 1877.

"Four months after date, I promise to pay to the order of myself five thousand eight hundred dollars; value received.

"CHARLES F. CROCKER.

"Indorsed:  CHARLES F. CROCKER.
         "G. W. WILDER.
        ·"GEORGE G. MORRILL."

Morrill was an accommodation indorser on the note, which was duly protested. Crocker and Morrill were partners in business, and on the seventh of October, in the same year, the maker of the note transferred all his interest in the firm, of the value of $3,000, to his accommodation indorser, for his security against loss. Pursuant to that arrangement, the transferee agreed in writing, bearing the same date, to hold the maker of the note harmless against any and all claims of the bank, which had become the holder of the same by virtue of the indorsement specified in the written agreement. As the holder of the note, the bank recovered a dividend of 25 per cent., and on the thirteenth of February, 1878, the transferee of the maker's interest in the said firm paid the remainder of the note to the bank and took it up. Since that time a second dividend, to the amount of 10 per cent., has been declared, which has never been paid. When the first dividend was paid, the assignees had no notice of the transfer of the maker's interest in the said firm to the accommodation indorser. Evidence that the accommodation in-

dorser paid the balance of the note to the bank, and took it up, is in writing, and makes a part of the case. He paid the bank $4,500, and the bank assigned and made over to him all moneys due from the estate of the bankrupt to them on account of the note, and contracted that they, the bank, would not take or receive any of said moneys from said estate without his consent in writing. Nothing can be more certain than that the indorser from that moment became the holder of the note, and that as such he was entitled to whatever should be realized by the bank for the note, as the creditor of the bankrupt. None of these facts are disputed, and the question is whether the last holder of the note can prove the same against the estate of the bankrupt. Nothing of the kind can be inferred from any promise expressed in the agreement from the indorser to the maker. Instead of that the indorser agreed, in the fullest manner, by an instrument under seal, that he would hold the maker harmless against any and all claims which the bank had against him on account of the note, from which it follows that the assignees of the bankrupt, answering to any such demand, may well reply, you have discharged the maker of the note by your agreement with him, and in giving that discharge you have released the estate of the bankrupt from all liability. Should it be suggested that the agreement to discharge is merely executory, the answer to the suggestion is, that to avoid circuity of action, the court will allow the indorser the benefit of the agreement. Were the rule otherwise, the effect would be that the indorser would have to pay the amount to the maker, and then recover it back from him, when the maker would be compelled to seek indemnity under his contract, executed by the accommodation indorser. Beyond all doubt, the obligation given by the accommodation indorser, before any dividend had been paid, is an absolute indemnity to the maker of the note against the entire amount which the maker promised to pay to the holder. Language more explicit could not be employed, as the party agrees to hold the maker harmless against any and all claims which the bank has against him on account of the note, which certainly applies to the whole

instrument, without any deduction whatever. What the covenantor agreed was, that the maker never should be obliged to pay any portion of the note; that he would protect him from the whole amount. Such being the effect of the agreement, it is clear that, if the bankrupt's estate pays only part of it, the proper party, having paid the residue, may recover it back of the maker, whose remedy would be against the covenantor in this sealed obligation, all of which is obviated by holding that the agreement is a full discharge of the maker and the other parties contingently liable on the note. For these reasons I am of the opinion that the decision of the court below is errroneous, and that the appellants are entitled to the relief which they ask.

Decree reversed, with costs.